**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**7-ELEVEN, INC.**,

    Plaintiff,

  v.     Case No. 6:19-cv-00502-RBD-GJK

**ORLANDO EMPIRE, INC.** and
**ORLANDO MONTERO**,

    Defendants.

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | **June 19, 2019** |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | **Completed** |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | **June 19, 2019** |
| Disclosure of Expert Reports    Plaintiff:    Defendant: [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | **August 2, 2019** <br> **August 16, 2019** |
| Discovery Deadline [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | **August 30, 2019** |
| Dispositive Motions, *Daubert*, and *Markman* Motions [Court recommends no less than 5 months before trial] | **September 30, 2019** |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions emailed to chambers_FLMD_Dalton@flmd.uscourts.gov in Word format), Witness Lists, Exhibit Lists with Objections on Approved Form)  Trial Briefs [Court recommends 4 weeks before Final Pretrial Conference] | **January 13, 2020** |
| All Other Motions Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference] | **January 20, 2020** |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | **February 10, 2020** |
| Trial Term Begins  [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived. | **March 2, 2020** |
| Estimated Length of Trial  [trial days] | **Two days** |
| Jury / Non-Jury | **Non-Jury**[1] |
| Mediation                                              Deadline:<br>                                                       Mediator:<br>                                                       Address:<br><br>                                                       Telephone:<br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | **September 13, 2019 9:00 a.m.**<br>**Jay Fraxedas**<br>**245 Live Oak Ln, Altamonte Springs, FL 32714**<br>**(407)** |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____  No  **X**<br><br>Likely to Agree in Future _____ |

---

1 Defendants reserve the right to request a jury trial on any counterclaims they may bring.

I. Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[2] a meeting was held in person on May 17, 2019 (date) at 12:00 p.m. (time) at 6996 Piazza Grande Ave., Suite 213 Orlando, FL 32835 (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Zachary S. Foster** | **Plaintiff** |
| **Christina Buchan** | **Defendants** |

II. Pre-Discovery Initial Disclosures of Core Information

Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by **June 19, 2019.**

Below is a description of information disclosed or scheduled for disclosure.

---

[2] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

III.   Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

__   no party anticipates the disclosure or discovery of ESI in this case;

**X**   one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[3]

A.   The form or forms in which ESI should be produced.

**ESI shall be produced in Portable Document Format (PDF) if reasonably practical to do so.  The producing party shall initially incur any conversion expense subject to taxation, if appropriate, at the conclusion of the case.**

**If specifically requested, ESI shall be produced in native file format within a reasonable time (generally not to exceed seven days) after a request for a particular document to be produced in native file format.  If produced in native file format, the receiving party shall be responsible for securing any needed, commercially available software, e.g., Excel®, AutoCad®, etc.  If the native file format requires proprietary (i.e., not commercially available) software or hardware for viewing, the producing party shall, on reasonable advance request, provide a viewing terminal at its nearest offices to the requesting party's counsel's office that are suitable for doing so.**

**Production of ESI can occur by CD-ROM, USB thumb drive, FTP download or other like method reasonably convenient to the parties**.

---

[3]   See Generally:  *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

B.   Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

**ESI involving email correspondence and communications between the parties, audit records and financial records of the franchised business.**

C.   Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

**Metadata shall <u>not</u> be produced unless a request is made for it that corresponds to a specific, identifiable document, e.g., "the metadata for the spreadsheet dated 5/4/16 beginning at Bates No. 000012."  Metadata may be produced, at the option of the producing party, in native file format or in PDF unless specifically requested to be produced in native file format.**

D.   The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

**The parties expect that the requested records will be accessible using queries made to extant servers and databases. 7-Eleven maintains backup servers/data for disaster recovery purposes. The backup data is routinely overwritten with more recent information. This information is inaccessible as it would be inordinately expensive and of little utility to restore except for its intended purpose of disaster recovery.**

E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

**7-Eleven maintains a Microsoft Exchange Server that contains its email database. 7-Eleven also retains in its accounting records information received from third parties comprising audit records of the store, generally in the form of Microsoft Excel® spreadsheets. Individuals at 7-Eleven with special knowledge of the available ESI and data retention are: Wade Newman (accounting and financial) and Kent Serratt (other types of records).**

F.  Any issues relating to preservation of discoverable ESI.

**None contemplated.**

G.  Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, only in the unusual event an agreement between the parties is insufficient, an Order under Federal Rules of Evidence Rule 502, If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report, together with a statement as to why an enforceable agreement between the parties is not sufficient.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

**In accordance with Fed. R. Evid. 502, the inadvertent disclosure of attorney-client privileged or work product protected information shall not constitute a waiver in this proceeding, or in any other federal or state proceeding. There shall be a presumption in favor of any such disclosure being inadvertent and the provisions of Fed. R. Evid. 502(b)(2) are inapplicable to the production of ESI. A party that discovers that it has produced attorney-client privileged or work product protected information to an adverse party without intending to waive the privilege or protection must promptly notify, i.e., within 14 days of**

**discovery, the requesting party that it did not intend a waiver by its disclosure. Any document claimed to have been inadvertently produced shall be immediately returned/destroyed by the requesting party notwithstanding the requesting party's perception of the validity of the claim of attorney-client privilege or work product protection. The producing party shall preserve and maintain the document(s) claimed to be protected from disclosure at least through the conclusion of this action and resolution of any appeals. Any dispute regarding whether the disclosing party has properly asserted the attorney-client privilege or work product protection will be brought promptly to the attention of the Court by motion, if the parties are not themselves able to resolve it.**

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

**Absent an order of the Court on good cause shown, a party shall not be required to search for ESI:**

**(1)  from more than five (5) key custodians;**

**(2)  created more than four (4) years before the filing of this lawsuit or created after the date this lawsuit was filed.**

**(3)  from sources that are not reasonably accessible, i.e., sources that are unreasonably burdensome or costly to access.**

**(4)  for more than 150 cumulative hours, inclusive of the time spent identifying potentially responsive ESI, searching that ESI by keywords and reviewing the ESI for responsiveness, confidentiality and for privilege or work product production.  If objected-to on this basis, the producing party must demonstrate that the search was effectively designed**

**and efficiently conducted.  A party from whom ESI is requested must maintain detailed time records to substantiate what was done and the time spent doing it.**

**(5)   the parties shall cooperate in developing search methodology and criteria to achieve proportionality and reasonableness in light of any underlying technological limitations.**

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

**None**

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___   one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions.  Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

__X__   all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.   Agreed Discovery Plan for Plaintiffs and Defendants

A.   Certificate of Interested Persons and Corporate Disclosure Statement This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum,

response, or other paper C including emergency motion C is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___**X**___   Yes

_____   No

Amended Certificate will be filed by _____ (party) on or before _____ date).

    B.    Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

- **Under Rule 5(b)(2)(E), parties stipulate and consent to the exchange of discovery and related papers by email service to the counsel of record.**

- **The parties agree that privilege logs need not include documents prepared on or after the date this lawsuit was filed.**

    C.    Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties= agreed dates,

deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

    1.    Depositions

**Party depositions shall occur over the course of one day not to exceed eight hours in length.**

    2.    Interrogatories

    3.    Document Requests

    4.    Requests to Admit

    5.    Supplementation of Discovery

**As soon as possible and in no event later than 14 days following learning of information necessitating supplementation.**

    D.    Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

    E.    Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**None**

F.   Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as Aconfidential.@ There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that Ano party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.@ With respect to confidentiality agreements, the parties agree as follows:

**If necessary, the Parties will enter into a mutually-agreeable confidentiality agreement to protect and facilitate the production of sensitive business and financial information.**

G.   Other Matters Regarding Discovery

**None**

VI.   Settlement and Alternative Dispute Resolution.

A.   Settlement C

The parties agree that settlement is _____ likely _____ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

yes ___ no __X__ likely to request in future

B. Arbitration

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

____ yes __X__ no ____ likely to agree in future

_____ Binding _____ Non-Binding

C. Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

D. Other Alternative Dispute Resolution:

The parties intend to pursue the following other methods of alternative dispute resolution:

**N/A**

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| COUNSEL FOR PLAINTIFF: | COUNSEL FOR DEFENDANTS: |
|---|---|
| s/Christian C. Burden<br>Christian C. Burden<br>Florida Bar No. 65129<br>chris.burden@quarles.com<br>Zachary S. Foster<br>Florida Bar No. 111980<br>zachary.foster@quarles.com<br>**Quarles & Brady LLP**<br>101 E. Kennedy Blvd., Ste. 3400<br>Tampa, Florida 33602<br>Telephone: (813) 387-0300<br>Fax: (813) 387-1800 | s/Christina Buchan<br>Christina Buchan<br>Florida Bar No. 0068344<br>Christina@buchanlawfirm.com<br>**The Law Office of Christina Buchan, P.A.**<br>6996 Piazza Grande Ave., Suite 213<br>Orlando, FL 32835<br>Tel. (407) 299-6363<br>Fax (407) 442-0719 |